Thomas A. Telesca, Esq.
RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
(516) 663-6670
ttelesca@rmfpc.com
*Attorneys for Plaintiff Flatbread Grill, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

– – – – – – – – – – – – – – – – – – – – – – – – – – x

FLATBREAD GRILL, LLC,

                      Plaintiff,

     -against-

VIEIRA'S BAKERY INC.,

                      Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – x

**COMPLAINT AND**
**JURY DEMAND**

CIVIL ACTION
DOCKET NO. 23-cv-22371

     1.     Plaintiff Flatbread Grill, LLC ("Flatbread Grill" or "Plaintiff") for its Complaint against Vieira's Bakery Inc. ("Defendant") alleges as follows:

### STATEMENT OF THE CASE

     2.     This is an action for willful infringement of Flatbread Grill's federally registered and common law trademarks and for related claims based on Defendant's sale of bread in packaging which infringes upon Flatbread Grill's rights and violates the terms of a Non-Disclosure Agreement between the parties.

1

Flatbread Grill seeks injunctive and monetary relief, including exemplary damages and attorney's fees.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because, among other things, Flatbread Grill's claims arise in this district and Defendant is doing business within this district with respect to its infringing trademarks and trade dress.  Defendant is advertising, distributing, offering for sale and selling bread in packaging wrongfully bearing infringing trademarks owned by Flatbread Grill to persons located within this judicial district and elsewhere.

## THE PARTIES

5.      Flatbread Grill is a New Jersey limited liability company having its principal place of business at 151 Third Street, Hoboken, New Jersey 07030.

6.      Defendant is a corporation doing business at 34-48 Avenue K, Newark, New Jersey 07105.

## BACKGROUND

7.      Flatbread Grill was founded by three sisters, Fusun, Gonca, and Arzu Esendemir in 2007.

8.      Flatbread Grill opened its first Mediterranean-style restaurant in 2008.  Since then its restaurants have served, among other things, grilled meats, falafel, hummus, rice, soups and freshly baked bread.

9.      It became apparent to Flatbread Grill that there was a significant market for its high quality, artisanal breads.

10.     Flatbread Grill began to sell its breads in supermarkets and other outlets.

**A.  Flatbread Grill's Distinctive Trade Dress**

11.     In the beginning part of 2018 Flatbread Grill set out to create a unique and memorable packaging for its bread products.   In connection therewith it invested significant time and money developing packaging that incorporated a burlap design.   One of Flatbread Grill's designs consists of three dimensional product packaging comprised of a burlap material for packaging the goods.

**[INTENTIONALLY LEFT BLANK]**

12.     The following is a drawing from 2018 depicting this trade dress:



The drawing is lined to indicate burlap, which is a feature of a registered trademark, as set forth below.

13.     The broken lines depict transparent plastic, a string that is used to tie the packaging and the bread that is placed in the packaging, all of which are not part of the trademark.

14.     Flatbread Grill owns a federally registered trademark for this trade dress, U.S. Registration No. 5898447 (the "Registered Trade Dress").   The Registered Trade Dress is registered in connection with bread.  The registration date for this trademark is October 29, 2019.  Flatbread Grill's date of first use of

the Registered Trade Dress is April 1, 2019.  A copy of the registration is attached hereto as Exhibit "A."

15.     The following is an image of Flatbread Grill's product and the Registered Trade Dress:



16.     Flatbread Grill has the exclusive right to utilize and distribute the Registered Trade Dress in the United States.

17.     Flatbread Grill has given notice to the public of the Registered Trade Dress under 15 U.S.C. § 1111.

18.     The registration for the Registered Trade Dress is in full force and effect.

19.     Continually, for approximately three and a half (3.5) years prior to the acts of the Defendant complained of herein, Flatbread Grill has distributed and sold bread in the Registered Trade Dress in stores throughout the State of New Jersey and elsewhere in interstate commerce.

**B.  Flatbread Grill's Second Trade Dress**

20.     Flatbread Grill also developed product packaging that is a variation of the trade dress that is the subject of the Registered Trade Dress (the "Second Burlap Packaging").

21.     The Second Burlap Packaging consists of three-dimensional product packaging comprised of a burlap design for packaging the goods.  The burlap design appears at the bottom of the trade dress.  Transparent plastic appears at the upper portion of the trade dress.  The transparent plastic is not part of the trademark.

**[INTENTIONALLY LEFT BLANK]**

22.     The following is an image of the Second Burlap Packaging:



23.     On September 15, 2022, Flatbread Grill filed a trademark application with the United State Patent and Trademark Office for the Second Burlap Packaging. The date of first use for this Second Burlap Packaging is October 31, 2021. The serial number assigned to this application is 97593752.

24.     The Registered Trade Dress and the Second Burlap Packaging are distinctive.

25.     The overall color scheme and graphic design of the Registered Trade Dress and the Second Burlap Packaging is arbitrary and non-functional.

26.     As a result of Flatbread Grill's established use and extensive promotion and sales, the trade dresses of Flatbread Grill bread have acquired

7

distinctiveness and have become well and favorably known to distributors and end-users as identifying Flatbread Grill as the sole and exclusive source thereof.

27.     Consumers have also come to recognize that Flatbread Grill bread, in its distinctive trade dress, is of high quality and, as a result, the distinctive trade dress has come to represent valuable goodwill which Flatbread Grill owns.

28.     Flatbread Grill's advertising and promotional activities, including an extensive social media presence, involving products sold in the Registered Trade Dress and the Second Burlap Packaging have been continuous and have been for the purpose of acquainting the public with the excellent quality of Flatbread Grill's products so that consumers may, with knowledge and confidence, purchase and use products sold in the Registered Trade Dress and the Second Burlap Packaging.  As a result, Flatbread Grill's bread sold in the Registered Trade Dress and the Second Burlap Packaging is well known, and the Registered Trade Dress and the Second Burlap Packaging have come to be and are recognized by the public as indicating that the products sold therein originate with Flatbread Grill.

29.     By reason of their high quality, and as a result of Flatbread Grill's continued and extensive sales, advertising, and promotion, bread sold in the Registered Trade Dress and the Second Burlap Packaging enjoy an excellent reputation among the public.  The Registered Trade Dress and the Second Burlap

Packaging and the associated goodwill which has accrued thereto are of great value to Flatbread Grill in the conduct of its business.

30.     Flatbread Grill bread is well known by its distinctive trade dress which is recognized as an indicator of origin with Flatbread Grill, and the trade and consumers have come to rely on this distinctive trade dress as an indication that they are receiving the genuine products of Flatbread Grill.

**C.  Defendant's Willful Infringement**

31.     Upon information and belief, Defendant has been engaged in the manufacture and sale of bread since 1974.

32.     In or about October 2016, Flatbread Grill approached Defendant about a potential private label arrangement under which Defendant would manufacture Flatbread Grill breads to be sold under Flatbread Grill's brand and packaging.

33.     On or about November 10, 2016, to facilitate on-going discussions concerning the potential private label arrangement, Flatbread Grill and Defendant entered into a Non-Disclosure Agreement (the "NDA").

34.     The NDA was meant to facilitate the free exchange of information concerning the products.

35.     Section 4 of the NDA, entitled "Term," provides ". . . , the rights and obligations of the Parties under this Agreement will continue indefinitely from the effective date and will survive the expiration or termination, for any reason . . . ."

36.     The NDA expressly prohibits the Recipient from "us[ing] any Confidential Information or Trade Secrets for any purpose other than that for which Recipient was retained and that benefits Discloser."

37.     Pursuant to the NDA, Flatbread Grill first shared with Defendant, *inter alia*, its proprietary bread recipes and then later the burlap bag packaging.

38.     In July 2018, representatives of Flatbread Grill met with representatives of Defendant concerning their on-going discussions about a potential private label arrangement.

39.     During the July 2018 meeting, representatives of Flatbread Grill showed representatives of Defendant Flatbread Grill's burlap bag packaging.

40.     At that time, Flatbread Grill's burlap bag packaging was proprietary, confidential, and a trade secret subject to the terms of the NDA.

41.     It was not until after Defendant entered into the NDA with Flatbread Grill and parties began their ongoing discussions about a potential private label arrangement that Defendant first became familiar with the type of burlap bag packaging for bread first used by Flatbread Grill.

42.     Flatbread Grill and Defendant never entered into a private label arrangement.

43.     Since April 2019, Flatbread Grill has successfully sold its bread using the Registered Trade Dress and Second Burlap Packaging.

44.     Upon information and belief, after the parties ceased negotiating a private label arrangement, Defendant began to develop the same burlap bag packaging shown to it by Flatbread Grill for its own bread products in violation of the NDA.

45.     Flatbread Grill has recently discovered that Defendant, with full knowledge of the distinctiveness and widespread recognition of the Registered Trade Dress and Second Burlap Packaging, is promoting and selling to the public bread in product packaging that is confusingly similar to Flatbread Grill's Registered Trade Dress and Second Burlap Packaging in United States commerce.

46.     Flatbread Grill has never authorized or consented in any way to the use of the Registered Trade Dress or Second Burlap Packaging on any of Defendant's products, nor has Flatbread Grill granted any license to the Defendant allowing such use.


**[INTENTIONALLY LEFT BLANK]**

47.     The following is an image of the infringing product packaging used by Defendant in connection with its sale of bread (the "Infringing Trade Dress"):



48.     Upon information and belief, Defendant has been engaged in the manufacture, distribution, advertising, promotion, offering for sale and sale of bread using the Infringing Trade Dress throughout the State of New Jersey and other states and in interstate commerce.

49.     Upon information and belief, Defendant has manufactured, distributed, marketed, advertised, promoted, offered for sale and sold its bread using the Infringing Trade Dress in supermarkets and other stores where Flatbread

Grill sells its bread using the Registered Trade Dress and Second Burlap Packaging.

50.     On February 16, 2023 Flatbread Grill's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Trade Dress.  Attached as Exhibit "B" is a copy of that letter.

51.     Flatbread Grill's counsel received an email from an attorney stating that she was investigating the claims made in the cease and desist letter and would provide a response after she concludes her investigation. This attorney later informed Flatbread Grill's counsel that she was not representing Defendant and that Flatbread Grill's counsel should speak directly with Defendant regarding Flatbread Grill's claims.

52.     On March 17, 2023 Flatbread Grill's counsel sent Defendant a follow-up cease and desist letter.   Attached as Exhibit "C" is a copy of that letter.

53.     In response, Defendant's new counsel asserted specious arguments that Defendant's packaging is not infringing.

54.     Defendant's infringing acts as alleged herein have and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's bread and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's bread originates from, is associated or affiliated with, or otherwise authorized by

Flatbread Grill. For instance, Defendants' bread in its infringing packaging is being sold on the same rack as Plaintiff's bread:



55.    Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Flatbread Grill's trademark rights in the Registered Trade Dress and Second Burlap Packaging, cause confusion and

14

deception in the marketplace, and divert potential sales of Flatbread Grill's goods to the Defendant.

56.     Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Flatbread Grill and to its valuable reputation and goodwill with the consuming public for which Flatbread Grill has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)
### [15 U.S.C. §1114]

57.     Plaintiff incorporates all prior allegations as if set forth fully herein.

58.     This is a claim for infringement of the federally registered trade dress under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

59.     Defendant's unauthorized use in commerce of the Infringing Trade Dress as alleged herein has and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's bread, and is likely to cause consumers to believe, contrary to fact, that Defendant's bread is sold, authorized, endorsed, or sponsored by Flatbread Grill, or that Defendant is in some way affiliated with or sponsored by Flatbread Grill.  Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

60.     Upon information and belief, Defendant's conduct is intentionally fraudulent, malicious, willful, and wanton.

61.     Defendant's conduct is causing immediate and irreparable injury to Flatbread Grill and to its goodwill and reputation, and will continue both to damage Flatbread Grill and to deceive the public unless preliminarily and permanently enjoined by this Court.  Flatbread Grill has no adequate remedy at law.

62.     Defendant's conduct as set forth herein infringes upon Flatbread Grill's exclusive rights in its federally registered trademark, is likely to cause, confusion, mistake or deception, and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Flatbread Grill is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)
### [15 U.S.C. § 1125(a)]

63.     Flatbread Grill incorporates all prior allegations as if set forth fully herein.

64.     This is a claim for unfair competition arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

65.     The trade dress used on the bread sold by Defendant slavishly copies the color, graphics, and layout of Flatbread Grill's Registered Trade Dress and the Second Burlap Packaging.

66.      Upon information and belief, the packaging of the bread sold by Defendant has been deliberately designed to misappropriate Flatbread Grill's distinctive trade dress with the intention and for the purpose of trading upon Flatbread Grill's goodwill.

67.     Defendant's misuse of Flatbread Grill's distinctive trade dress for Defendant's bread is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's products, in that the trade and consumers are likely to believe, or will believe, that Defendant's products are Flatbread Grill's.

68.     Flatbread Grill has never authorized, licensed or consented in any way to Defendant's use of Flatbread Grill's distinctive, well known, and extremely valuable trade dress.

69.     A nearly limitless number of other shapes, other graphics, other layouts and other colors could have been used on the packaging of the bread sold

by Defendant, rather than using packaging which copy those features directly from Flatbread Grill's well known products.

70.     Defendant's unauthorized use in commerce of the Infringing Trade Dress as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

71.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Flatbread Grill, and to its goodwill and reputation, and will continue to both damage Flatbread Grill and confuse the public unless enjoined by this court. Flatbread Grill has no adequate remedy at law.

73.     Flatbread Grill is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

74.     Flatbread Grill incorporates all prior allegations as if set forth fully herein.

70.    Defendant's actions, as described herein, are likely to cause confusion, or to cause mistake, or to deceive the public regarding the origin, sponsorship, affiliation, connection, association, or approval of Defendant's goods, such that Defendant's acts constitute infringement of Flatbread Grill's trademarks, misappropriation of the goodwill in Flatbread Grill's trademarks, and unfair competition under New Jersey common law and the New Jersey Trademark Act, N.J.S.A. 56:3-13a *et. seq*.

71.    As a direct and proximate result of the willful actions, conduct, and practices of Defendant, Defendant has been unjustly enriched and Flatbread Grill has been damaged in and amount to be determined and will continue to be irreparably harmed unless Defendant's unlawful conduct is enjoined.  Flatbread Grill has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

72.    Flatbread Grill incorporates all prior allegations as if set forth fully herein.

73.    The NDA constitutes a valid, binding and enforceable contract between Flatbread Grill and Defendant.

74.    Flatbread Grill has performed its obligations pursuant to the terms of the NDA, as described herein.

19

75.     Defendant has breached the NDA, as described herein, by using Flatbread Grill's then-proprietary prototype burlap bag packaging for Defendants' own products.

76.     Accordingly, Flatbread Grill is entitled to judgment against Defendant in an amount to be determined at trial, together with interest thereon as provided by law.

## PLAINTIFF DEMANDS A TRIAL BY JURY

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Flatbread Grill asks that this Court:

1.     Grant a preliminary and permanent injunction enjoining and restraining the Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with it from:

A.     substantially imitating, copying, counterfeiting, or making unauthorized use of Flatbread Grill's Registered Trade Dress and Second Trade Dress (collectively, "Flatbread Grill's Trade Dress");

B.     manufacturing, distributing, importing, circulating, advertising, selling, offering for sale, moving or otherwise disposing of any product bearing a simulation, reproduction, counterfeit, copy or colorable imitation of Flatbread Grill's Trade Dress;

C.     using any simulation, reproduction, counterfeit, copy, colorable or confusingly similar imitation of Flatbread Grill's Trade Dress;

D.     using any false description or designation of origin or representation which can, or is likely to, lead the trade or

public, or individual members thereof, to believe that any product manufactured, imported, advertised, distributed and/or sold by the Defendant is in any manner associated or connected with Flatbread Grill or is sold, licensed, sponsored, or approved by Flatbread Grill;

E.   engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Flatbread Grill's business reputation or dilute the distinctive quality of Flatbread Grill's name and Flatbread Grill's Trade Dress;

F.   engaging in any other activity constituting an infringement of Flatbread Grill's Trade Dress or Flatbread Grill's rights in or right to exploit the same;

G.   engaging in further acts of unfair competition arising from the Defendant's unlawful and improper adoption and use of Flatbread Grill's trade dress and style;

H.   causing an infringement of any of Flatbread Grill's Trade Dress or of Flatbread Grill's rights to use or to exploit said trade dress, or causing any dilution of Flatbread Grill's name, reputation or goodwill; and

I.   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) through (H), above.

2.   Enter an order:

a.   Finding that the Defendant has unfairly competed with Flatbread Grill by the acts complained of herein;

b.   Finding that the Defendant has infringed Flatbread Grill's trademarks and trade dress by the acts complained of herein;

c.   Finding that the Defendant has infringed Flatbread Grill's trade dress rights;

d.     Directing that the Defendant deliver up for destruction to Flatbread Grill all unauthorized products, articles and advertising material of any kind in his possession or under his control bearing any of Flatbread Grill's Trade Dress or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118;

e.     Requiring the Defendant to recall all of its products that infringe upon Flatbread Grill's Trade Dress and Flatbread Grill's trademark rights;

f.     Requiring that the Defendant, within thirty (30) days after service of notice of the entry of judgment, or an injunction pursuant thereto, file with the Court and serve on Flatbread Grill's counsel a written report under oath setting forth in detail the manner in which the Defendant has complied with the Court's order;

g.     Awarding to Flatbread Grill all of the Defendant's gross profits and any other damages Flatbread Grill has sustained as a consequence of the Defendant's infringement of Flatbread Grill's Trade Dress, unfair competition, and breach of the NDA, and requiring the Defendant to account for all gains, profits and advantages derived by the Defendant from the sale of his infringing merchandise;

22

h.     Awarding Flatbread Grill an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and the New Jersey Trademark Act, N.J.S.A. 56:3-13a *et. seq.*;

i.     Awarding Flatbread Grill punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

j.     Awarding to Flatbread Grill the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment and post-judgment interest in accordance with 15 U.S.C. § 1117 and the New Jersey Trademark Act, N.J.S.A. 56:3-13a *et. seq.*;

k.     Awarding to Flatbread Grill such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Flatbread Grill has incurred in connection with this action.

Respectfully submitted,

RUSKIN MOSCOU FALTISCHECK, P.C.

By: _____
Thomas A. Telesca, Esq.
RUSKIN MOSCOU FALTISCHEK, P.C.
*Attorney for Plaintiff Flatbread Grill, LLC*
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

Dated:  November 15, 2023